UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LESLIE BENSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:08-CR-135-TAV-HBG |
| | ) | 3:13-CV-318-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

The Petitioner, Leslie Benson ("Benson"), pursuant to a plea agreement [Doc. 52],[1] entered a guilty plea to one count of possession with intent to distribute fifty (50) grams or more of cocaine base [Docs. 1, 51]. This Court sentenced Benson, who had a prior felony drug conviction, to a sentence of 180 months' imprisonment. Judgment was entered on January 7, 2011 [Doc. 56]. Benson did not appeal this conviction or sentence.

Before the Court now is Petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 59]. This motion was filed on June 6, 2013, and therefore it is untimely. Benson later filed "supplements" to the § 2255 Motion [Docs. 64, 66, 75, 76]. The Government filed a response in opposition [Doc. 82], asserting that the § 2255 Motion, along with all "supplements" thereto, are untimely and must be denied on that basis.

While the § 2255 Motion remained pending, Benson moved to amend it to contest his guideline range in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague [Docs. 75, 85]. The Government responded in opposition, arguing that Benson was ineligible for relief under *Johnson*

---

[1] All citations to the record are found on the docket of case no. 3:08-CR-135-TAV-HBG.

because the Supreme Court had expressly limited its holding in that case to the Armed Career Criminal Act [Docs. 82, 86]. The Government, however, also acknowledged that the Supreme Court was poised to determine, in *Beckles v. United States*, whether *Johnson* could be applied to the Sentencing Guidelines and could be applied retroactively on collateral review [Doc. 86]. This Court decided to defer ruling on Benson's § 2255 Motion until *Beckles* was decided [Doc. 88].

The Supreme Court has now held that the advisory Sentencing Guidelines are not subject to vagueness challenges and that § 4B1.2's residual clause is not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886 (2017). Accordingly, Petitioner's *Johnson*-based claim cannot justify relief and must be denied on the merits.

After Petitioner's *Johnson*-based claims were rendered meritless, Petitioner moved [Doc. 90] for leave to amend his original § 2255 Motion [Doc. 59]. The Government responded by filing a Motion [Doc. 92] to dismiss the original § 2255 Motion, and any further purported amendments thereto, as untimely. Thereafter, the Petitioner, without waiting on the Court's ruling on his Motion for Leave to file an Amendment to his Motion, filed a document titled Amended Motion Pursuant To Title 18 U.S.C. § 2255 [Doc. 93].

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

A one-year period of limitation applies to § 2255 motions, and that period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured [is] the date on which the judgment of conviction becomes final." (internal citation omitted)). In the present case, Petitioner's conviction became final on January 19, 2011, at the expiration of the time for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A) (establishing a fourteen-day period for defendants to file a notice of appeal from a criminal judgment); *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) (noting that when a defendant does not appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed"). Petitioner had until January 19, 2012, to file a timely § 2255 motion, but he did not file until May 28, 2013. Accordingly, his motion is untimely. *See* Rule 3(d), Rules Governing Section 2255 Proceedings (providing that the filing date for a pleading from an incarcerated defendant is the date the pleading was placed into the prison mail system).

The one-year statute of limitations for § 2255 motions is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances. The Court agrees with the Government that Petitioner has not established any basis for equitable tolling to be granted. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). A petitioner bears the burden of establishing that equitable tolling applies to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy that burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631,

649 (2010); *accord Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011). The Court finds that the Petitioner has made no such showing.

Petitioner alleges that, based on a letter he received from the Federal Defender Services in March 2012, he was "under the impression" that counsel had been appointed to represent him for purposes of filing a § 2255 motion. However, the letter never mentioned § 2255 and instead referenced "the November 2011 Amendment to the U.S. Sentencing Guidelines." [Doc. 63, Response at 1–3; *see also* R. 63-1, March 2012 Letter from Federal Defender Services]. Moreover, the period in which petitioner could have timely filed a § 2255 motion had expired several months before he received that letter. Petitioner cannot show that his untimeliness stemmed from any reasonable reliance upon the representations in the letter. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Herman v. United States*, No. 3:04-cr-131, 2010 WL 419986, at *3 (E.D. Tenn. Jan. 28, 2010) (quoting *Jurado*, 337 F.3d at 643).

Petitioner cites recent Supreme Court decisions in *Alleyne* and *Descamps* to argue that those citations render his previously-filed claims timely because the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court," rather than the date his conviction became final. 28 U.S.C. § 2255(f)(3). It is true that petitioner first mentioned *Alleyne* and *Descamps* within one year after those cases were decided by the Supreme Court. These cases, however, did not create new rules which apply to him on collateral review, and petitioner's citations to *Alleyne* and *Descamps* do not render his motion timely.

In sum, the Court finds that because the claims presented in the Motion [Docs. 59, 64, 66, 75, 76] are untimely and therefore lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Moreover, the Petitioner's Motion For Leave to Amend states no grounds for

allowing an amended § 2255 Motion to be filed, as any claim indicated therein would not be timely. Therefore, the Motion is not well-taken and must be denied. Likewise, the Petitioner's purported Amended Motion is untimely and asserts no claims of newly established rights or any claims that relate back. *See Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008) (any motion to amend or supplement a § 2255 motion "will be denied" if filed after expiration of the limitation period unless the proposed amendment "relates back" to the original, timely-filed pleading). For this same reason, the Government's Motion [Doc. 92] must be granted. A hearing is unnecessary in this case. Accordingly, the Court will **DENY** Petitioner's motion [Doc. 59] and Supplements [Docs. 64, 66, 75, 76] and Motion for Leave [Doc. 90] and "Amended Motion" [Doc. 93]. The Government's Motion to Dismiss [Doc. 92] is **GRANTED**.

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE