| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CR-135-TAV-HBG-1 |
| ) | |
| LESLIE BENSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has moved for a reduction in his term of imprisonment and term of supervised release pursuant to the First Step Act [Docs. 97, 100, 105]. Following the issuance of the Sixth Circuit's opinion in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the government conceded that defendant is eligible for a sentence reduction under the First Step Act [*Compare* Doc. 98, *with* Doc. 109], and now defers to the Court's determination as to whether and to what extent a sentence reduction is warranted [Doc. 109 p. 1, 6]. For the reasons discussed herein, the Court will **GRANT** defendant's motion, reduce defendant's term of imprisonment to time served, and reduce defendant's term of supervised release to three (3) years. Additionally, the government's motion [Doc. 99] for an extension to respond to defendant's motion is **DENIED** as moot.

**I.     Background**

In 2008, defendant was indicted on a single charge of possessing with intent to distribute fifty (50) grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Doc. 1]. On August 6, 2010, he pled guilty, pursuant to a written plea

agreement, to the lesser-included offense of possession with intent to distribute five (5) grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Doc. 52 p. 1].

In the plea agreement, the parties agreed that the punishment for this offense, in light of defendant's prior felony drug conviction [*see* Doc. 36], was a mandatory minimum term of imprisonment of ten (10) years and a term of supervised release of at least eight (8) years [Doc. 52 ¶ 2]. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties also agreed that a sentence of 180 months' imprisonment and an 8-year term of supervised release was the appropriate disposition of this case. [*Id.*]. In his sentencing memorandum, defendant stated that the parties had agreed to a 180-month sentence based, in part, on the fact that he "had legitimate grounds to challenge certain charges and/or factual allegations against him" [Doc. 54 p. 1].

Consistent with the agreed-upon factual basis for defendant's guilty plea [*see* Doc. 52 ¶ 4(d)], 31.5 grams of crack cocaine was attributed to defendant at sentencing, resulting in a base offense level of 18 under the 2010 version of the United States Sentencing Commission's Guidelines Manual [Presentence Investigation Report ("PSR") ¶¶ 18, 22, 23]. Defendant was, however, determined to be a career offender, and as a result, his offense level was enhanced to level 37 [*Id.* ¶ 29]. Because of defendant's acceptance of responsibility, his offense level was reduced by 3 levels [*Id.* ¶ 30]. *See* USSG § 3E1.1(a), (b). Accordingly, his total offense level was 34 [*Id.* ¶ 31]. Defendant's PSR detailed an extensive criminal history [*Id.* ¶¶ 35–60], which amounted to a criminal history category

2

of VI [*Id.* ¶ 63]. Based on a total offense level of 34 and a criminal history category of VI, defendant's guideline imprisonment range was 262 to 327 months [*Id.* ¶ 105]. The Court ultimately accepted the Rule 11(c)(1)(C) plea agreement, and sentenced defendant to 180 months' imprisonment and 8 years' supervised release [Doc. 56 p. 1–3].

In 2012, defendant filed a motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 750 to the United States Sentencing Guidelines, which implemented the Fair Sentencing Act of 2010 by reducing the base offense level for most offenses involving crack cocaine [Doc. 58]. The Court denied relief concluding that defendant's offense level was not based upon any quantity of crack cocaine, but upon his career-offender status, and thus, Amendment 750 had no effect on his guideline range [Doc. 70 p. 4–5].

Defendant now argues that he is eligible for a sentence reduction under Section 404 of the First Step Act of 2018. [Doc. 97, 100, 105]. The government responded after the applicable deadline had passed and accordingly moved for an extension *nunc pro tunc* [Doc. 99]. *See* E.D.TN. LR 7.1(a). Following the Sixth Circuit's decision in *United States v. Boulding*, the Court ordered the government to file a supplemental response [Doc. 107]. In that response [Doc. 98], the government acknowledges that, in light of *Boulding*, defendant is eligible for a sentence reduction [Doc. 109 p. 4] and defers to the Court's discretion whether and to what extent to grant a reduction, although it further submits that the Court "could reasonably find that no sentence reduction is warranted" [*Id.* at 5]. The matter is ripe for resolution.

3

## II. Analysis

Defendant's motions present two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

### A. Defendant's Eligibility for a Section 404 Reduction

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on the defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of defendant's eligibility for a sentence reduction turns on whether his conviction for possessing with intent to distribute five (5) grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), qualifies as a

4

covered offense. While the government initially argued that defendant's offense was not a covered offense [Doc. 98], it now concedes that defendant's offense does qualify as a covered offense [Doc. 109]. The Court agrees.

Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). In *United States v. Boulding*, the Sixth Circuit, joining all other circuits that have addressed the issue,[1] held that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." 960 F.3d 774, 781 (6th Cir. 2020).

Here, defendant was convicted under 21 U.S.C. § 841(b)(1)(B), and the Fair Sentencing Act modified that statutory provision's penalties. Specifically, at the time of defendant's sentencing, this statutory provision imposed a mandatory minimum sentence

---

[1.] *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) ("We join our sister circuits in holding that the phrase modifies 'federal criminal statute.'"); *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)); *Wirsing*, 943 F.3d at 185, *as amended* (Nov. 21, 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *cf. United States v. Smith*, 954 F.3d 446, 448–49 (1st Cir. 2020); *United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

of five (5) years and up to forty (40) years for drug offenses involving five (5) grams or more of crack cocaine and ten (10) years and up to life imprisonment for the same offense where the defendant had a prior felony drug conviction [*see, e.g.*, PSR ¶¶ 52, 104]. Yet, after the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary to trigger the mandatory penalties in § 841(b)(1)(B)(iii) is 28 grams, and a conviction involving less than 28 grams of crack cocaine carries a statutory maximum penalty of twenty (20) years, or thirty (30) years where enhanced due to a prior drug offense. And although more than 28 grams of crack cocaine was attributed to defendant at sentencing [*Id.* ¶¶ 18, 23 ("[T]his defendant's criminal activity involved 31.5 grams of cocaine base.")], *Boulding* makes plain that a defendant's specific conduct, including the drug quantity attributed to him beyond that established by the statute of conviction, is immaterial to the covered offense analysis. 960 F.3d at 781–82. Lastly, the Court notes that defendant committed this offense well before August 2, 2010 [PSR ¶¶ 46, 91 (noting that defendant's offense occurred on July 25, 2008); Doc. 56 (citing July 25, 2008, as the date defendant's offense concluded)]. Thus, defendant was convicted of a "covered offense." *See* § 404(a). He is therefore eligible for a sentence reduction. *See Boulding*, 960 F.3d at 778–82.

      **B.**    **Imposing a Reduced Sentence in Consideration of the § 3553(a) Factors**

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*,

6

951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing. *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). Nevertheless, an eligible defendant is entitled to object to the district court's calculation of his amended guideline range, and he may also be entitled to object to the final reduced sentence. *Boulding*, 960 F.3d at 784.[2] Additionally, "courts may consider all relevant

---

[2] The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

7

[§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

Post *Boulding*, the parties agree that defendant's offense would have been treated as a violation of 21 U.S.C. § 841(b)(1)(C), rather than § 841(b)(1)(B) [Doc. 97 p. 16; Doc. 109 p. 4]. The parties also agree that defendant's prior state conviction would not qualify as a "serious drug felony" [Doc. 105 p. 5; Doc. 109 p. 5 (citing Doc. 36-1)]. *See* 21 U.S.C. §§ 802(57), 841(b). And while the government notes "uncertainty about whether section 401 applies to defendants seeking relief under section 404" [Doc. 109 p. 5], ultimately the parties both submit that the applicable guideline range is 151 to 188 months [*Id.*; Doc. 105 p. 1–2].

Defendant recommends the Court reduce his sentence to "a sentence below 180 months" and specifically requests a sentence of time served [Doc. 105 p. 5]. He further requests that his supervised release term be reduced from eight (8) years to three (3) years [*Id.*]. In support, defendant emphasizes his statement in his sentencing memorandum that the parties agreed upon a sentence of 180 months due, in part, to the fact that he "had legitimate grounds to challenge certain charges and/or factual allegations against him" [Doc. 97 p. 17]. Defendant notes that the agreed-upon 180-month sentence in the plea agreement was approximately 31% lower than the bottom of his guideline range at sentencing (262 months). Lowering the bottom of his current guideline range (151 months)

8

by 31% would result in a sentence of approximately 104 months.  Defendant has served approximately 136 months of his sentence, and his projected release date is May 8, 2021 [Doc. 105 p. 5].  *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 14, 2020).  Thus, a sentence within the new, agreed-upon guideline range could, when taking into account defendant's projected good-time credit, result in his immediate release [*see* Doc. 105 p. 5; Doc. 109 p. 2].  *See id.*  Defendant also discusses his post-sentencing rehabilitation.  Specifically, he notes his work as a unit orderly and his completion of various educational and vocational classes [Doc. 97 p. 17–18].

The government defers to the Court's discretion [Doc. 109 p. 1, 6] though it notes that defendant's 180-month sentence falls within the new guideline range [*Id.* at 5].  The government emphasizes that the drug quantity attributed to defendant would, "even after the Fair Sentencing Act, support a prosecution under 21 U.S.C. § 841(b)(1)(B) because it exceeds the current 28-gram threshold" [*Id.* at 5 (citing, *inter alia*, *Dorsey v. United States*, 567 U.S. 260, 276–79 (2012))].  With respect to the offense conduct, the government notes that during a traffic stop, defendant concealed a bag of 31.5 grams of crack cocaine in his pants but retrieved it when asked to do so by officers [*Id.* at 1 (citing Doc. 52 ¶ 4)].  The government notes defendant's career offender designation and his significant criminal history, which resulted in his classification as a criminal history category VI [*Id.* at 2, 6].  The government also emphasizes that the sentence imposed was consistent with the agreed-upon sentence set forth in the parties' Rule 11(c)(1)(C) plea agreement [*Id.*].  Lastly, the

9

government acknowledges that defendant has not incurred any disciplinary sanctions while incarcerated and that the Bureau of Prisons has classified him as a low recidivism risk [*Id.*].

Although factors similar to those that applied at the defendant's initial sentencing also apply here, the Court has considered these factors again in the context of the instant motion, including the nature and circumstances of defendant's offenses and his history and characteristics. Regarding the offense characteristics, the Court notes in particular that defendant's offense involved 31.5 grams of crack cocaine, a quantity of a highly dangerous substance that would support a prosecution under 21 U.S.C. § 841(b)(1)(B) as amended by the Fair Sentencing Act [PSR ¶ 18]. The Court thus finds that defendant's offense is serious. Regarding defendant's history and characteristics, the Court begins by noting defendant's extensive criminal history, which spans decades, includes numerous assaults, thefts, and drug-related offenses [*Id.* ¶¶ 35–60], and resulted in his being designated a career offender at sentencing. The Court notes that defendant is currently fifty-six (56) years old and has been in custody since his arrest on November 25, 2008. The Court's review of defendant's SENTRY report and other documents supplied by defendant indicate that defendant's post-sentencing conduct has been commendable. Defendant has successfully completed numerous educational and vocational courses. Additionally, as the government points out [Doc. 109 p. 6], he has not incurred a single disciplinary sanction and has been categorized as a low recidivism risk.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for

10

the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available and the sentencing range and the need to avoid unwarranted disparities. *Id.*

After considering the parties' arguments, the relevant § 3553(a) factors, and applicable sentencing guidelines, the Court finds a reduction in the defendant's sentence to be warranted. The Court notes that defendant's 180-month sentence fell well below the bottom of the guideline range applicable at his initial sentencing (262 to 327 months) and that, as a result of the Fair Sentencing Act and the First Step Act, defendant's guideline range has been significantly reduced (151 to 188 months) such that his 180-month sentence is now near the upper end of his guideline range. Although the Court recognizes that defendant's original 180-month sentence is rooted in the parties' bargained-for Rule 11(c)(1)(C) plea agreement, this Court scrupulously complies with its sentencing duties, including evaluating a recommended sentence in a Rule 11 (c)(1)(C) provision in light of the advisory guideline range. And the Supreme Court has held that where the guidelines range was a relevant part of the analytic framework used by the sentencing court in determining an appropriate sentence, as was the case here, the district court has discretion to reduce the sentence of an eligible defendant, even in a case involving a Rule 11(c)(1)(C) plea agreement. *Hughes v. United States*, 138 S. Ct. 1765, 1775–78 (2018). So in evaluating the recommended sentence (180 months) in light of his amended guideline

11

range (151 to 188 months), the Court finds a reduction in sentence to be appropriate. In particular, while not falling within defendant's guideline range per se, a time-served sentence approximates a sentence near the bottom of defendant's guideline range as a practical matter (i.e., in consideration of projected good-time credit). In light of defendant's post-sentencing conduct and his seemingly low risk of recidivism, the Court finds that such a sentence, along with a three-year term of supervised release, will afford adequate specific deterrence and protect the public from defendant's commission of future crimes. The Court also finds that a sentence of time-served plus a three-year term of supervised release is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford adequate general deterrence, promote respect for the law, and provide just punishment. § 3553(a). Accordingly, the Court will reduce defendant's sentence to a sentence of time served to be followed by three (3) years of supervised release.

### III. Conclusion

For the reasons discussed, the Court will **GRANT** defendant's motion [Doc. 97] for a sentence reduction under the First Step Act. Defendant's term of imprisonment is reduced to time served, and his term of supervised release is reduced to three (3) years.[3]

---

[3] In light of the possibility that the Sixth Circuit's holding in *Boulding* requires this Court to provide defendant an opportunity to object to the modified sentence, even though defendant and the Court agree on the new guidelines range, defendant shall have up to and including ten (10) days from the entry of this order to file objections to the modified sentence pronounced here. Although the *Boulding* court stated that "a written presentation or an oral argument" could provide defendant a sufficient opportunity to object, it did not offer any additional guidance as to the form a written presentation might take or the appropriate time to provide for objections before the modified sentence became final. The Court believes requiring written objections within ten (10) days will provide due process as envisioned in *Boulding*.

All other provisions of the judgment dated January 6, 2011 [Doc. 56], shall remain in effect. An amended judgment will be filed in this case.  Additionally, because the government's amended response, filed per order of the Court [Doc. 107], "replace[s] its previously filed response" [Doc. 109 p. 1], the government's Motion for Extension *Nunc Pro Tunc* [Doc. 99] is **DENIED** as moot.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE